## DECLARATION OF NNANA U. AWA, ESQ.

I, Nnana U. Awa, Esq., am over the age of 18 years old and do declare the following:

1. I represent Debtor/Respondent as a defendant in an unlawful detainer lawsuit as part of this bankruptcy action pursuant to the right of possession of commercial property located at 25413 Rye Canyon Road, Unit A, Santa Clarita, CA 91355 (the "Property").

2. Movant filed an unlawful detainer action against Debtor on or around August 12, 2021.

3. In the unlawful detainer complaint filed by Movant against Debtor (the "Complaint"), Movant asserts that (a) Movant served Debtor with a notice to quit (the "Notice") and also makes the same statement in 5.a.(1) of Movant's Motion in this Court and (b) states in the Complaint that Movant provides a copy of the proof of service of the Notice with the Complaint HOWEVER both statements made by Movant in both the Motion and the Complaint are false as no notice was ever served upon Respondent and no proof of service was ever included with the Complaint or in Movant's Motion.

4. Contrary to the 5.a.(2) in the motion by Movant, the Complaint was filed on August 12, 2021 and the first proceeding commenced on Friday, September 3, 2021.

5. Debtor employs less than nine (9) employees at the Property.

6. At the time of the Complaint filing brought by Movant on or around August 12, 2021, pursuant to the Los Angeles County's COVID-19 Tenant Protections Resolutions Debtor had the right to continued occupancy of the Property up and until September 30, 2021, for which Movant had knowledge of at the time of the Complaint filing, but ignored due to Debtor's failure in March and April 2020 to pay rent due to COVID-19 pandemic (the "Pandemic").

7. The commercial lease agreement (the "Lease") between Movant and Debtor expires sixty (60) calendar months after its commencement (March 12, 2019) and contrary to the ambiguous July 8, 2021 date stated by Movant in 5.b.(1) of Movant's Motion.

8. Copies of the checks paid by Debtor to Movant attached hereto as **EXHIBIT "A"** are dated for June and July 2021.

9. Debtor made monthly rental payments for the Premises to Movant till July 2021 and was in the process of making the August 2021 rent payments to Movant until Movant notified Respondent that Movant did not "feel" Respondent could continue making rental payments, as evidenced by the email conversation (the "Email") attached as **EXHIBIT "B"**.

10. The Lease is and has not been in default as evidenced by the Email and Movant admits in the Email that Movant allocated part of the security deposit paid by Debtor to Movant pursuant to the Lease towards missing rental payments for March and April 2020 rent.

11. Should an unlawful detainer trial continue contrary to the bankruptcy filing, pursuant to the Los Angeles County's COVID-19 Tenant Protections Resolutions Debtor still has the right to continued occupancy of the Property up and until January 31, 2022 for which Movant has knowledge of and still ignores.

12. Contrary to statements 5.b.(2) made by Movant in the Motion, the Lease has neither matured, been rejected nor deemed rejected by operation of law.

13. Debtor is not required to serve upon Movant a certification stating there are circumstances under which Debtor would be permitted to cure the entire monetary default that gave rise to a judgment for possession as (a) no judgment for possession has been issued by a court and (b) Movant's Motion is less than the 30 day requirement stated in the 11 U.S.C. §362(l)(1).

14. Debtor is not required to serve upon Movant a certification stating that the entire monetary default that gave rise to a judgment has been cured as (a) no judgment for possession

has been issued by a court and (b) Movant's Motion is less than the 30 day requirement stated in the 11 U.S.C. §362(l)(1).

15. Debtor has brought a civil litigation suit against Movant relating to the Property (Case No. 21CHCV0774) for unlawful actions taken by Movant pursuant to Debtor's continued lawful occupation of the Property including, but not limited to the wrongful actions taken by Movant against Debtor and possessory interest Debtor has on the Property, copy attached hereto as **EXHIBIT "C"**.

16. Debtor has made more than $150,000.00 in improvements and repair to the Property granting Debtor equity in the Property at the time Movant acquired possession of the Property which is currently at dispute pursuant to the Lawsuit Debtor has against Movant.

I declare the foregoing is true and correct this 19th day of October 2021.

By: _____
Nnana U. Awa, Esq., *Declarant*